UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN DORNAE WASHINGTON,

    Petitioner,

v.

THE PEOPLE OF THE STATE OF MICHIGAN,

    Respondent.

Case No. 24-12789
Honorable Laurie J. Michelson

**OPINION AND ORDER SUMMARILY DISMISSING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS [1]**

In December of 2019, a Michigan jury found Steven Dornae Washington guilty of second-degree murder, carrying a concealed weapon, and possession of a firearm in the commission of a felony. *People v. Washington*, No. 18-001064-FC (Mich. 30th Cir. Ct. Dec. 17, 2019). His convictions were affirmed on direct appeal in 2023. *People v. Washington*, No. 353150, 2023 WL 174809 (Mich. Ct. App. Jan. 12, 2023) (per curiam), *appeal denied*, 991 N.W.2d 558, 2023 WL 4221678 (Mich. June 27, 2023) (mem.). In October of 2024, Washington turned to this Court for relief. He filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting two ineffective assistance of counsel claims and one prosecutorial misconduct claim.[1] (ECF No. 1.) None of these claims were raised during his direct appeal.

---

[1] Specifically, Washington asserts that his lawyer failed to object when a witness "perjur[ed] herself by chang[ing] her statement" from what she first told police (ECF No. 1, PageID.7), that his lawyer failed to cross-examine another witness about inconsistencies between her testimony and prior statements to police (*id.* at

Soon after a habeas petition is filed, the Court must undertake a preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254, Rule 4 ("Rule 4"); *see also* 28 U.S.C. § 2243. If the Court determines the petitioner is not entitled to relief, it must summarily dismiss his habeas petition. *See* Rule 4; *Alexander v. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011) ("[U]nder § 2243, the district court has a duty to screen out a habeas corpus petition which is meritless on its face." (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970))).

As a general rule, a state prisoner is not entitled to habeas relief in federal court until he has exhausted all available state court remedies. 28 U.S.C. § 2254(b)–(c); *see Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001) ("[A] petitioner 'cannot obtain federal habeas relief under 28 U.S.C. § 2254 unless he has completely exhausted his available state court remedies to the state's highest court.'"); *see also Prather v. Rees*, 822 F.2d 1418, 1420–22 (6th Cir. 1987) (explaining why federal courts should raise exhaustion *sua sponte* before reviewing the merits of a § 2254 habeas petition). Exhaustion requires that each claim raised in a habeas petition was first "fairly presented" to the state courts—here, both the Michigan Court of Appeals and Michigan Supreme Court—"to provide them with an opportunity to remedy any constitutional infirmity in the conviction." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th

---

PageID.8), and that "the prosecutor violated [his] constitutional rights by not giving him a probable cause before arraignment" (*id.* at PageID.5 (cleaned up)).

2

Cir. 1993); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("State prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). In other words, "a federal court may review only federal claims that were evaluated on the merits by a state court." *Gerald v. Ohio Dep't of Rehab. & Corr.*, No. 17-614, 2017 U.S. Dist. LEXIS 114063, at *5 (N.D. Ohio July 21, 2017); *see Wagner v. Smith*, 581 F.3d 410, 415 (6th Cir. 2009) ("Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim."); *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998) ("[The Sixth Circuit] has held that the doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court."). "It is the petitioner's burden to prove exhaustion." *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (citing *Darr v. Burford*, 339 U.S. 200, 218–19 (1950)).

Washington acknowledges in his petition that his claims are unexhausted. (ECF No. 1, PageID.6–11.) So habeas relief is unavailable to him unless it is "clear" that a return to state court would be futile. *See Duckworth v. Serrano,* 454 U.S. 1, 3 (1981) ("An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief."); *Pillette v. Foltz*, 824 F.2d 494, 498 (6th Cir. 1987) ("One example of a special circumstance is where it is clear that requiring a petitioner to pursue further review before the state courts would be futile because state law precludes further review."); *see also Benoit v. Bock*, 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003)

3

("[C]onsiderations of comity and federalism require the Court 'to review the exhaustion issue sua sponte.'" (quoting *Prather*, 822 F.2d at 1422)). In his habeas petition, Washington appears to assert his lawyer was ineffective for failing to raise his claims on direct appeal. (ECF No. 1, PageID.5–9 (stating he did not exhaust state remedies as to each habeas claim "[b]ecause [his] lawyer took advantage of [his] erroneous of law [sic]"); *id.* at PageID.11 (stating he did not present habeas claims to highest state court with jurisdiction "because [his] lawyer were ineffective by not inform[ing] me").) But that does not make it futile for Washington to seek relief via collateral review.

Indeed, Washington may still raise his unexhausted claims by filing a post-conviction motion for relief from judgment under Michigan Court Rule 6.502 and appealing any denial of that motion to the Michigan appellate courts. *See Wagner*, 581 F.3d at 419 (concluding that habeas petitioner failed to exhaust all available state avenues for relief because he was still "entitled to return to the county circuit court and file a post-conviction, post-direct-appeal motion for relief from his judgment of conviction" under Michigan Court Rule 6.502); *see also Gray v. Wingo*, 391 F.2d 268, 269 (6th Cir. 1967) (per curiam) (concluding that habeas petitioner's claim that "court appointed counsel refused to ask for a new trial or to appeal" was "without merit because petitioner has not availed himself of the post-conviction procedure provided by Kentucky laws"). While the Court cannot guarantee that Washington will obtain the relief he seeks in state court, neither can it conclude that it would be futile for

him to try or that, in the current posture of the case, it is appropriate for this Court to consider his unexhausted claims.

Finally, the Court concludes that reasonable jurists would not debate the Court's conclusion that Washington's petition should be dismissed for failure to exhaust available state court remedies and failure to show that exhaustion would be futile. It thus declines to issue a certificate of appealability. 28 U.S.C. § 2253(c); *Jones v. Carl*, 605 F. Supp. 3d 1012, 1020 (E.D. Mich. 2022). And, as any appeal would be frivolous, Washington may not appeal *in forma pauperis*. 28 U.S.C. § 1915(a)(3).

In sum, because Washington has an available remedy to exhaust his claim in the state courts and has not shown that exhaustion would be futile, the Court SUMMARILY DISMISSES WITHOUT PREJUDICE Washington's petition for a writ of habeas corpus (ECF No. 1). The Court DENIES a certificate of appealability and DENIES leave to proceed *in forma pauperis* on appeal. A separate judgment will follow.

SO ORDERED.

Dated: April 21, 2025

                                            s/Laurie J. Michelson
                                            LAURIE J. MICHELSON
                                            UNITED STATES DISTRICT JUDGE